UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KONSTANTIN, A., | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )   2:22-cv-00346-JAW |
| | ) |
| KILO KIJAKAZI, Acting Commissioner of Social Security, | ) ) |
| | ) |
|     Defendant | ) |

## REPORT AND RECOMMENDED DECISION

On Plaintiff's application for disability under Title II of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has no severe impairments. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

### THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the September 29, 2021, decision of the Administrative Law Judge. (ALJ Decision, ECF No. 9-2).[1] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

The ALJ found that Plaintiff has two medically determinable impairments, including peripheral neuropathy. (R. 13.) The ALJ, however, concluded that Plaintiff does not have a severe impairment that limits his ability to perform basic work activities. (R. 16.) The ALJ determined, therefore, that Plaintiff was not disabled.

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues the ALJ erred when she failed to find Plaintiff's peripheral neuropathy to be a severe impairment at step 2 of the sequential analysis.

At step 2 of the sequential evaluation process, a social security disability claimant must establish the alleged conditions are severe, but the burden is de minimus and is designed merely to screen out groundless claims. *McDonald v. Sec'y of HHS*, 795 F.2d 1118, 1123-24 (1st Cir. 1986). The ALJ may find that an impairment or combination of

2

impairments is not severe when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individuals' age, education, or work experience were specifically considered." *Id*. at 1124 (quoting Social Security Ruling 85-28). In other words, an impairment is severe it if has more than a minimal impact on the claimant's ability to perform basic work activities on a regular and continuing basis. *Id*.

The record reflects that Plaintiff experienced bilateral hand symptoms beginning 2002. (R. 524.) Plaintiff sought treatment in 2014 and subsequently had two related surgical procedures, one in 2014 and another in 2015. Upon EMG testing in 2018, the tending physician noted "[m]ild sensory neuropathy bilateral hands," and "conservative treatment suggested. Vitamins, stretching, splints." (R. 650.)

In concluding that Plaintiff's hand condition did not constitute a severe impairment, the ALJ relied on the consultative report of Archibald Green, D.O., who in December 2019 found Plaintiff's peripheral neuropathy to be non-severe. (R. 79.) The ALJ reviewed the medical record and concluded the opinion was supported by the record. The ALJ also cited Plaintiff's activity level, including the "building [of] an 800 square foot dwelling involving the use of power tools, lifting boards, and moving scaffolding." (R. 16, citing Plaintiff's Hearing Testimony).[2] Plaintiff argues that the ALJ's description

---

[2] Plaintiff argues that because the work done on his house is not considered "substantial gainful activity" for purposes of Step 1, it cannot be considered "substantial" for the analysis at Step 2. (Plaintiff's Brief at 4.) However, the ALJ may consider work at Step 2 even if it is not considered a "substantial gainful activity." 20 C.F.R. § 404.1571 ("Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did.").

3

of his daily activities is overstated. Plaintiff claims that because of his pain, the work he does all day is not efficient nor done without consideration of his symptoms. (Plaintiff's Brief at 3.) Plaintiff claims that after using his hands for twenty to thirty minutes, he experiences pain in his wrists. (Plaintiff's Brief at 2.)

The ALJ supportably relied on Dr. Green's expert opinion, the medical record, and the reports of Plaintiff's activity level. While Plaintiff points to his symptoms and some of the consequences of his activity level (e.g., pain), he cites no contrary medical opinion nor any medical evidence that would support his claim of error. The fact that Plaintiff can cite evidence that might be supportive of his claim does not require a finding of error. The ALJ acted in accordance with her obligation to weigh the evidence, including the expert evidence, and to resolve any conflicts in the evidence. *See Irlanda Ortiz v. Sec'y Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991) ("[T]he resolution of conflicts in the evidence is for the [ALJ], not the courts."); *see also Rodriguez*, 647 F.2d at 222 ("the determination of the ultimate question of disability is for [the ALJ], not for the doctors or for the courts."). The Court is not to re-weigh the evidence, but to determine whether the ALJ's decision is supported by substantial evidence on the record. Contrary to Plaintiff's argument, the ALJ's decision is supported by substantial evidence on the record.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of September, 2023.