UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KONSTANTIN A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:22-cv-00346-JAW |
| v. | ) | |
| | ) | |
| MARTIN O'MALLEY,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION**

The United States Magistrate Judge filed his Recommended Decision with the Court on September 6, 2023.  *Report and Recommended Decision* (ECF No. 20). Konstantin A. filed his objection to the Recommended Decision on September 13, 2023.  *Obj. to Report and Recommended Decision* (ECF No. 21) (*Pl.'s Obj.*).  On September 25, 2023, the Social Security Administration (SSA) responded.  *Def.'s Resp. to Pl.'s Obj. to Report and Recommended Decision* (ECF No. 22).  On October 3, 2023, Mr. A. replied.  *Obj. to Def.'s Resp. to Pl.'s Obj.* (ECF No. 23).

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record.  The Court made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision and concurs with the recommendations of the United States Magistrate Judge for the

---

[1]     On December 20, 2023, Martin O'Malley was sworn in as Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), when a public official, who is a party in an official capacity, ceases to hold an office, the officer's successor is automatically substituted as a party.

reasons set forth in his Recommended Decision and determines that no further proceeding is necessary. Additionally, the Court offers the following discussion to supplement the Magistrate Judge's recommended decision with respect to two issues.

First, one of Mr. A.'s objections to the Magistrate Judge's recommended decision correctly points out that the Magistrate Judge did not address Mr. A.'s claim that the SSA Appeals Council violated his due process rights by subjecting his request for Appeals Council review to an abuse-of-discretion standard, allegedly because Mr. A. referred to the Administrative Law Judge (ALJ) as his "opponent" in his request for review.[2] *Compl.* at 3-4 (ECF No. 1); *Pl.'s Obj.* at 2. Even so, Mr. A.'s due process claim is unmeritorious because it rests on a faulty characterization of the Appeals Council's actions.

20 C.F.R. § 416.1470(a) provides:

The Appeals Council will review a case at a party's request or on its own motion if—

    (1) There appears to be an abuse of discretion by the administrative law judge or administrative appeals judge who heard the case;

    (2) There is an error of law;

---

[2]    The entirety of the Appeals Council's discussion of this issue is reproduced below:

With your request for review, you alleged that the Administrative Law Judge was your opponent throughout your informal request for review and "that the bias of [your] opponents appear[ed] to be intensifying since the last round of review. The last time, the unfavorable decision was made based on a negligent review of [your] form 1040. This time [your] opponents appear to be deliberately ignorant and creative in their bias" (Exhibit 17B, page 12). Under our rules described below, we considered your allegations solely as they relate to your case for abuse of discretion. After reviewing the entire record, including the hearing recording, we determined that the Administrative Law Judge did not abuse his or her discretion and none of the other reasons in our rules existed to review your case. We have completed our action on your request for review.

*Administrative R.*, Attach. 2, *Docs. Related to Administrative Process* at 2 (ECF No. 9).

   (3) The action, findings or conclusions in the hearing decision or dismissal order are not supported by substantial evidence;

   (4) There is a broad policy or procedural issue that may affect the general public interest; or

   (5) Subject to paragraph (b) of this section, the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision.

Mr. A. concludes his request for Appeals Council review by contending that "[m]y opponents certainly wrote a lot, but under close examination, there is nothing there, other than a proof of bias," and "the bias of my opponents appears to be intensifying since the last round of review." *Administrative R.*, Attach. 4, *Juris. Doc. and Notices* at 105 (ECF No. 9). From this language, Mr. A. appears to be asking the Appeals Council to review the ALJ's decision on the ground that the ALJ was allegedly biased.

  But bias is not listed as a reason for Appeals Council review. The Appeals Council responded to Mr. A.'s bias allegation by stating, "[u]nder our rules described below, we considered your allegations solely as they relate to your case for abuse of discretion." *Id.*, Attach. 2, *Docs. Related to Administrative Process* at 2. Given the central role of Mr. A.'s bias allegation in his request for Appeals Council review, the Court views this statement as the Appeals Council's attempt to acknowledge the allegation, explain that bias is not a reason for Appeals Council review, and convey that the factual claims underpinning the bias allegation were considered in the abuse-of-discretion determination.

  To be sure, the language used by the Appeals Council is not a model of clarity. But the entirety of the Appeals Council's letter to Mr. A. confirms that the Appeals Council reviewed Mr. A.'s request for review under the standards outlined in 20

C.F.R. § 416.1470.  Specifically, the Appeals Council's use of an abuse-of-discretion standard was unrelated to the language in Mr. A.'s request for review.  As noted above, every request for review submitted to the Appeals Council is evaluated based on part on this standard.  *See* 20 C.F.R. § 416.1470 (noting that the "Appeals Council will review a case at a party's request" if, among other things, there "appears to be an abuse of discretion by the administrative law judge . . . who heard the case").

The Appeals Council also wrote that "[a]fter reviewing the entire record, including the hearing recording, we determined that the Administrative Law Judge did not abuse his or her discretion and *none of the other reasons in our rules existed to review your case*."  *Administrative R.*, Attach. 2, *Docs. Related to Administrative Process* at 2 (ECF No. 9) (emphasis supplied).  This language demonstrates that the Appeals Council's examination of Mr. A.'s request was not limited to abuse-of-discretion review.  Because the Appeals Council applied the correct standard of review, and reviewed Mr. A.'s request under all applicable standards, the Court overrules Mr. A.'s objection that the Appeals Council's use of an abuse-of-discretion standard violated his due process rights.

One of Mr. A.'s other objections rests on his interpretation of *Nguyen v. Chater*, 172 F.3d 31 (1st Cir. 1999).  Quoting *Nguyen* for the proposition that the "ALJ's findings of fact . . . are not conclusive when derived by ignoring evidence," Mr. A. argues that his case must be remanded because the ALJ relied on the report of Dr. Archibald Green, which allegedly failed to take into account records of Mr. A.'s two surgeries.  *Pl.'s Obj.* at 2-4.  From a legal perspective, Mr. A.'s argument is misplaced.

Mr. A. appears to contend that the *Nguyen* court's use of the passive voice means that an expert's failure to account for all the evidence in the record warrants reversal. *See id.* at 3 (arguing the *Nguyen* court's observation that findings of fact "are not conclusive when derived by ignoring evidence" "does not require that ALJ would ignore evidence, but only requires that evidence would be ignored by someone, and such ignorance would materially alter the logical chain"). But *Nguyen* was a case where the *ALJ* ignored evidence in the record. *See* 172 F.3d at 35 ("The ALJ was not at liberty to ignore medical evidence or substitute his own views for uncontroverted medical opinion"). To argue, as Mr. A. does, that *Nguyen* requires remand whenever a medical expert fails to reference all the evidence in the record goes too far, as this was not the issue confronted by the *Nguyen* court. As Mr. A.'s argument relies on an overly restrictive reading of a single sentence in *Nguyen*, which is contradicted by the facts of that case, the Court overrules Mr. A.'s objection.[3]

The Court reviewed Mr. A.'s other objections and concludes that they are adequately addressed by the reasoning in the Magistrate Judge's recommended decision. Therefore, the Court declines to specifically address them. Accordingly, the Court AFFIRMS the Recommended Decision of the Magistrate Judge (ECF No. 20) and thereby AFFIRMS the Commissioner's Decision.

---

[3]   Mr. A.'s objection to Dr. Green's report is further undercut by the fact that the ALJ did reference his two surgeries, making this case factually distinguishable from *Nguyen*, where the ALJ ignored certain medical evidence. *See Administrative R.*, Attach. 2, *Docs. Related to Administrative Process* at 15 (referencing Mr. A.'s 2014 surgery and observing that "the surgeon noted that the nerves were very compressed leading to possible irreversible nerve damage"); *id.* at 16 (mentioning Mr. A.'s 2015 surgery). Indeed, far from rubber stamping Dr. Green's report, the ALJ considered a variety of evidence in the record, and the Court agrees with the Magistrate Judge that the "ALJ acted in accordance with her obligation to weigh the evidence, including the expert evidence, and to resolve any conflicts in the evidence." *Report and Recommended Decision* at 4 (ECF No. 20).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 11th day of March, 2024